## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-238 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Raymone Johnson, Jr (5), | |
| Defendant. | |

This matter comes before the Court on Defendant Raymone Johnson, Jr's Motion to Reschedule Pre-Trial Hearing and Exclude Time Under the Speedy Trial Act. ECF No. 110. Defendant also filed a Statement of Facts in Support of Motion to Exclude Time Under the Speedy Trial Act ("Statement of Facts"). ECF No. 111.

Pretrial motions were set to be heard by the undersigned on June 7, 2022. ECF No. 56. On June 6, 2022, Defendant requested a continuance on the basis that his counsel had a health issue that rendered her temporarily unable to attend the hearing or meet with him. ECF No. 110 at 1. In his Statement of Facts, Defendant requests that the period of time from June 6 until his next appearance be excluded from the time in which he would otherwise be brought to trial in this case. ECF No. 111 at 1.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the

1

COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On June 1, 2022, Chief Judge Tunheim entered General Order No. 36, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 36 (D. Minn. June 1, 2022). General Order No. 36 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 36 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings may be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order No. 36 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19. Specifically, Order No. 36 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. *See* ECF No. 65. Defendant has indicated through counsel that he does not consent to videoconferencing for the criminal motions hearing. ECF No. 92.

Consistent with the health and safety protocols of this Court, the criminal motions hearing is continued to **June 27, 2022**. This Court finds that, pursuant to 18 U.S.C. § 3161(h), the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to allow for the appearance of defense counsel at an in-person hearing. Additionally, for the reasons addressed in the General Orders and the well-documented concerns regarding COVID-19, the Court finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Reschedule Pre-Trial Hearing and Exclude Time Under the Speedy Trial Act, ECF No. 110, is **GRANTED.**

2. The period of time from June 6 through 27, 2022, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **June 27, 2022, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.  D. Minn. LR 12.1(d).

4. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Ann D. Montgomery to confirm the new trial date.**

Dated: June __7__, 2022

        _s/Tony N. Leung_
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Johnson (5)*
Case No. 21-cr-238 (ADM/TNL)