UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-238 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Raymone Johnson, Jr (5), | |
| Defendant. | |

---

Evan Gilead, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Lousene M. Hoppe, Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 59;

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 76;

3. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 77;

4. Defendant's Motion for Disclosure of Grand Jury Materials, ECF No. 78;

5. Defendant's Motion for Discovery and Inspection, ECF No. 79;

6. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 80;

7. Defendant's Motion for Severance or, in the Alternative, to Join Co-Defendant's Motions, ECF No. 81;

8. Defendant's Motion to Compel Government to Produce Favorable Evidence, ECF No. 82;

9. Defendant's Motion to Sequester Witnesses, ECF No. 83;

10. Defendant's Motion for Disclosure of Post-Conspiracy Statements of Unindicted Co-Conspirators, ECF No. 84;

11. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 85;

12. Defendant's Motion for Attorney-Conducted Voir Dire, ECF No. 86; and

13. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 87.

A hearing was held on June 27, 2022. ECF No. 117. Assistant United States Attorney Evan Gilead appeared on behalf of the United States of America (the "Government"). Attorney Lousene M. Hoppe appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 59, is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. The Government seeks to establish deadlines for the parties to disclose any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules

of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). In its motion, the Government proposed that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial. At the hearing, Defendant agreed to the Government's proposal of disclosing principal experts 30 days prior to trial and rebuttal experts 10 days prior to trial.

The Court grants the Government's Motion for Discovery, ECF No. 59. Consistent with the Government's proposal, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 76, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404." ECF No. 76 at 1. At the hearing, the parties agreed to disclose 404(b) evidence 30 days prior to trial.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government]

3

intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds that the parties' agreement that Rule 404(b) evidence be disclosed 30 days before trial is reasonable. As such, consistent with the parties' agreement, no later than 30 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."

4

Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

3. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 77, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks expert witness information subject to disclosure under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 77. The Government requests that the parties simultaneously disclose principal expert materials 30 days prior to trial and rebuttal expert materials 10 days prior to trial. Gov't's Omnibus Resp. at 2-3, ECF No. 107.

Defendant's motion is granted in part to the extent that he seeks responsive information subject to disclosure under Rule 16(a)(1)(G), and the Government shall comply with its obligations imposed by this rule. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(G), his motion is denied. As discussed *supra* ¶ 1, the Court orders that no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G).

4. Defendant's Motion for Disclosure of Grand Jury Materials, ECF No. 78, is **DENIED AS MOOT**.

Plaintiff moved the Court for an order for the Government to disclose the testimony and corresponding exhibits presented to the grand jury in this case. *See* ECF No. 78 at 1.

At the hearing, however, Defendant stated that the need for this motion no longer exists. The Government asked the Court to deny the motion as moot. Defendant agreed that the motion could be denied as moot. Accordingly, the motion is denied as moot.

5. Defendant's Motion for Discovery and Inspection, ECF No. 79, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 79. This includes expert witness disclosures. *Id.* at 2 (citing Fed. R. Evid. 702, 703, & 705). Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified. *Id.* at 2-3. The Government responds that it has provided disclosures, will continue to comply with its ongoing discovery obligations, and has no objection to providing Rule 16 discovery to Defendant to the extent that Defendant's requests for discovery comport with the provisions of Rule 16. Gov't's Omnibus Resp. at 5.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the


Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

6.  Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 80, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least seven days prior to the commencement of trial. ECF No. 80 at 1. The Government objects to any order requiring early disclosure but states it will disclose Jencks Act materials voluntarily seven days prior to trial. Gov't's Omnibus Resp. at 6.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied.

7

While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than seven days before trial per the parties' agreement.

7.      Defendant's Motion for Severance or, in the Alternative, to Join Co-Defendant's Motions, ECF No. 81, is **WITHDRAWN WITHOUT PREJUDICE**.

Defendant moved to sever his case from that of his co-defendants in this matter on the grounds that the majority of the evidence against the defendants in this matter does not involve Defendant and would therefore be prejudicial to his case, and because there are potential conflicts of interest between the co-defendants that would prejudice Defendant at a joint trial. ECF No. 81 at 1. In the alternative, if the Court denies Defendant's motion, Defendant requested permission to join the motions of the co-defendants. *Id*.

At the hearing, the Government stated that all three of the other arrested defendants have indicated their intent to have a change of plea in their case, and the one outstanding defendant has yet to be arrested and remains under seal. In light of the changed circumstances since Defendant filed his motion, Defendant withdrew his motion, reserving the right to re-file the motion or bring a motion in limine to re-raise this issue if the one outstanding defendant is brought in. The Government agreed to Defendant's proposal. As such, Defendant's motion is withdrawn without prejudice, and Defendant may re-file the motion or bring a motion in limine to re-raise this issue in the future.

8.      Defendant's Motion to Compel Government to Produce Favorable Evidence, ECF No. 82, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*,

8

373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. ECF No. 82 at 1. Defendant specifically asks the Court to order the Government to provide:

1. any identification of persons other than Defendant by witnesses to the crime;
2. any failure to identify, or uncertainty in identifying, Defendant by any eyewitnesses to the crime;
3. any statements of any witess exculpating Defendant;
4. any statement of any witness that contradict other statements by that witness or contradict statements of other witnesses;
5. any reports of interviews relating to or containing statements or identifications contained in paragraphs 1 through 4;
6. any fingerprints, handwriting, physical evidence or other specific evidence that was not identified with Defendant, or any uncertainties or discrepancies in such evidence that did identify Defendant;
7. any items seized from parties not charged which tend to identify them rather than Defendant with commission of the charged crime;
8. any prior convictions, arrests or criminal involvement of prospective government witnesses;
9. any offers, promises, or inducement made to prospective government witnesses to secure their cooperation against Defendant, whether or not the government intends to call those persons as witnesses, and whether or not express deals were entered into with those persons; and
10. any other evidence relevant to impeachment of government witnesses, including evidence of witnesses' prior lies or untruthfulness, witnesses' biases or prejudices regarding Defendant, and the success or failure of witnesses' prior cooperation with the government.

*Id*. at 1-2. The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady* and its progeny. Gov't's Omnibus Resp. at 6. The Government notes that it has provided the materials listed in paragraphs 1-7 of Defendant's motion to the extent the information exists. *Id*. at 7. The Government also notes that it will provide the materials listed in paragraphs 8-10 of Defendant's motion, to the extent any exists, seven days before trial. *Id*. The Government objects to Defendant's requests to the extent they go beyond those discovery obligations. *Id*.

At the hearing, Defendant requested that the Court order the Government to provide the materials in paragraph 9 as soon as such evidence exists, and to provide the materials in paragraphs 8 and 10 at the same time or before the Government files its witness list. The Government agreed to provide the materials in paragraphs 8 and 10 at the same time it produces its witness list, and further agreed to provide the materials in paragraph 9 at that same time, as the Government would only produce items that pertain to the witnesses it puts on its witness list. Defendant had no objection to the Government only producing the items in paragraph 9 with respect to the witnesses it intends to call. The parties agreed that the Government would produce such materials either when the witness list is due or seven days prior to trial, whichever is earlier.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of

10

Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion and requests for information is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. Further, as discussed at the hearing, the Government shall provide the materials in paragraphs 8, 9, and 10 of Defendant's motion either at the time the witness list is due or seven days prior to trial, whichever is earlier.

If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While

11

the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *Green*, 151 F.3d at 1115, the Court encourages the parties to disclose such materials no later than seven days before trial. *See supra* ¶ 6.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

9. Defendant's Motion to Sequester Witnesses, ECF No. 83, is **DENIED WITHOUT PREJUDICE**.

Defendant requests an order sequestering all witnesses under Rule 615. ECF No. 83. The Government contends that the motion is premature and requests that the motion be denied without prejudice.

At the hearing, Defendant noted that he had no objection to the Court denying the motion without prejudice. Defendant further noted he could bring this motion as a motion in limine. Accordingly, this motion is denied without prejudice.

10. Defendant's Motion for Disclosure of Post-Conspiracy Statements of Unindicted Co-Conspirators, ECF No. 84, is **DENIED** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT**

**PREJUDICE** to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant seeks an order compelling the Government "to give notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any unindicted co-conspirator" as well as granting "leave to file a motion for severance, suppression, and/or in limine" based on those disclosures. ECF No. 84 at 1.

The Government argues that the motion is premature and asks that the Court deny the motion without prejudice. Gov't's Omnibus Resp. at 8. The Government contends that "[i]t is too early to determine the intricacies of a multi-defendant trial, such as which defendants will stand trial, and which witnesses the Government will call and/or need in order to prove those defendants' guilt beyond a reasonable doubt." *Id*. The Government further argues that Defendant seeks to obtain Jencks Act material early through this motion. *Id*. The Government states that it will provide Defendant with all Jencks Act material of its testifying witnesses seven days prior to trial. *Id*.

The Court understands Defendant's reference to Fed. R. Crim. P. 16(c), which sets forth a party's continuing duty to disclose, in light of the present unknowns. Nevertheless, generally speaking, Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)).

13

Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant's motion and discovery request insofar as they seek pretrial disclosure of statements or confessions of any co-defendant, co-conspirator, or co-participant pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10,

2012), *adopting report and recommendation*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant, co-conspirator, or co-participant are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations, including but not limited to its agreement to produce any such materials no later than seven business days before trial. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Defendant's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

11. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 85, is **GRANTED**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken and evidence seized as part of their investigation. ECF No. 85 at 1. The Government does not object to the retention of rough notes but objects to any order compelling disclosure of such. Gov't's Omnibus Resp. at 9.

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter. The Court is not ordering any

disclosure of such materials.

12. Defendant's Motion for Attorney-Conducted Voir Dire, ECF No. 86, is **DENIED WITHOUT PREJUDICE**.

Defendant moves for an order permitting his attorneys to supplement the Court's voir dire examination by examining the prospective jurors. The Government notes that though it may ultimately not object to or join in Defendant's request for attorney-conducted and/or supplemental voir dire, the request is premature. The Court agrees with the Government that the motion is premature and therefore denies the motion without prejudice.

13. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 87, is **DENIED AS MOOT**.

Defendant requests that the Government disclose electronic surveillance, including wiretapping and interceptions of telephone conversations, or any other form of surveillance. ECF No. 87 at 1. The Government contends that the search warrants, applications, and results therefrom have been disclosed to Defendant. Gov't's Omn. Resp. at 11. The Government further notes that no wiretaps or telephone conversations were intercepted during the investigation and, accordingly, asks the Court to deny Defendant's motion as moot. *Id*.

At the hearing, the Government again stated that no wire communications or telephone conversations were intercepted during the investigation. The Government noted that if the Government receives any such evidence, it will disclose it to Defendant promptly. Accordingly, the Court denies the motion as moot.

14. All prior consistent orders remain in full force and effect.

15. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: July __27__, 2022

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Johnson (5)*
Case No. 21-cr-238 (ADM/TNL)